**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------- X
JOY ANNEXSTEIN,

                                        **ORDER**
                       Plaintiff,    10-CV-3655 (ADS) (AKT)

      -vs.-

VINCENT INZERILLI, VIMAG PROPERTIES,
LLC, VMHC PROPERTIES, LLC,
                            Defendants.

-----------------------------------------------------------X

**APPEARANCES:**

**Milene Mansouri, Esq.**
*Attorney for the plaintiff*
108-18 Queens Blvd., Suite 6
Forest Hills, NY 11375

**NO APPEARANCE:**
Vincent Inzerilli, VIMAG Properties, LLC, and VMHC Properties, LLC

**SPATT, District Judge.**

      On August 10, 2010, the plaintiff commenced this personal injury action against the defendants arising out of a slip and fall at an apartment building owned by the defendants. According to the plaintiff, the defendants' negligence caused her to slip and fall on a staircase, which resulted in a serious injury to her cervical spine. On April 27, 2011, the Court entered a default judgment against the defendants, and referred the matter to United States Magistrate Judge A. Kathleen Tomlinson for an inquest as to damages, including reasonable attorney's fees and costs. On February 16, 2012, Judge Tomlinson issued a Report and Recommendation (the "Report") recommending that the Court award the plaintiff damages as follows: (1) $40,500 in medical costs owed to the plaintiff's treating neurosurgeon; (2) $1,000,000 for past pain and suffering; and (3) $1,000,000 for future pain and suffering, for a total of $2,040,500.

In addition, Judge Tomlinson recommended that the Court deny the plaintiff's request for the following medical expenses due to a lack of sufficient documentation: (1) $6,000 in payments to a home health aide and (2) $140,308.84 that the plaintiff claimed to owe to the North Shore University Hospital.  However, Judge Tomlinson also recommended that the Court afford the plaintiff 14 days from the date of the Report to submit documentation supporting these claimed expenses.  With respect to the amount owed to North Shore University Hospital, Judge Tomlinson specifically recommended that the Court only award the plaintiff $140,308.84 if she could produce "a certified bill for services/amounts still owed to North Shore University Hospital . . . ." (Report at 9.)

Although there have been no objections filed to the Report, on March 1, 2012, the final day for objecting to the Report or submitting the required documentation to support the additional medical expenses, the plaintiff submitted a letter requesting a three week extension to obtain the certified bill from North Shore University Hospital.  In addition, the Court notes that on March 8, 2012, the plaintiff submitted certified documentation from North Shore University Hospital reflecting that she owes $140,308.84.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Tomlinson's Report and finds it be persuasive, without any legal errors, and with only one

factual error, namely there is a discrepancy between the amount of damages recommended for medical costs in the discussion and conclusion sections of the Report.

In the discussion, Judge Tomlinson recommends against awarding the plaintiff $6,000 in out-of-pocket expenses for the use of a home health aide due to inadequate documentation. As a result, Judge Tomlinson recommends that the Court award the plaintiff $40,500 in medical expenses. (Report at 6–7, 9.) However, in the conclusion, Judge Tomlinson recommends that the Court award the plaintiff $46,500 in medical costs, which would include the $6,000 for the home health aide. (Report at 17.) Based on Judge Tomlinson's explanation for recommending the denial of the $6,000 for the home health aide, the Court considers the $40,500 to be the operative amount recommended in the Report. Because the plaintiff did not submit documentation supporting the $6,000 expense for a home health aide by March 1, 2012, the Court adopts Judge Tomlinson's recommendation to deny the plaintiff that amount in damages.

In addition, the Court grants the plaintiff's request for an extension of time to file the certified records from the North Shore University Hospital. Although she requested three additional weeks, as previously stated, the plaintiff submitted the required documentation on March 8, 2012. Accordingly, the Court modifies the Report to afford the plaintiff until March 8, 2012 to submit the certified records, and modifies the damages award to include the $140,308.84 in medical costs owed by the plaintiff to North Shore University Hospital.

For the foregoing reasons it is hereby,

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in part and modified in part. The Court awards the plaintiff: (1) $40,500 in medical costs owed to the plaintiff's treating neurosurgeon; (2) $140,308.84 in medical costs owed to North Shore

3

4

University Hospital; (3) 1,000,000 for past pain and suffering; and (4) $1,000,000 for future pain and suffering, for a total award of $2,180,808.84.

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the plaintiff in the amount of $2,180,808.84, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
March 8, 2012

 ___/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge